UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

MERLE KIRLEW,

                Plaintiff,

    - against -

DETECTIVE JAMES WOODS, Tax Registration No. 947618,
UNDERCOVER P.O. No. 10121,
UNDERCOVER P.O. No. 10270,
DETECTIVE WALTER,
P.O. "JOHN DOES" 1-8, P.O. "JANE DOES" 1-2
and THE CITY OF NEW YORK,

                Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT AND
JURY TRIAL
DEMAND**

      Plaintiff, MERLE KIRLEW, by her attorney, ALAN D. LEVINE, ESQ., complaining

of the defendants herein, respectfully alleges as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages

and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the

fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks

compensatory and punitive damages for battery and false arrest.

## VENUE

    5.    Venue is properly alleged in the Eastern District of New York in that the

acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.      Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7.      At all times relevant hereto, plaintiff, MERLE KIRLEW, was and is a natural person, resident in the County of Queens, City and State of New York.

8.      At all times relevant hereto, defendant DETECTIVE JAMES WOODS, Tax Registration No. 947618 (hereinafter "WOODS") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

9.      At all times relevant hereto, defendant UNDERCOVER P.O. No. 10121 was and is a natural person, employed as an undercover police officer by the Police Department of defendant CITY OF NEW YORK.

10.      At all times relevant hereto, defendant UNDERCOVER P.O. No. 10270 was and is a natural person, employed as an undercover police officer by the Police Department of defendant CITY OF NEW YORK.

11.      At all times relevant hereto, defendant DETECTIVE WALTER (hereinafter "WALTER") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

12.      At all times relevant hereto, defendants P.O. "JOHN DOES" 1-8 were and are natural persons, employed as police officers by the Police Department of defendant CITY OF NEW YORK.

13.      At all times relevant hereto, defendants P.O. "JANE DOES" 1-2 were and are natural persons, employed as police officers by the Police Department of defendant CITY OF NEW YORK.

14.     At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15.     The individual defendants are sued in their individual capacities.

16.     On or about January 12, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

17.     More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

18.     This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20.     Plaintiff is a black female who, at the time of the incident alleged herein, was sixty-two years of age.

21.     At all times relevant hereto, plaintiff has suffered from diabetes.

22.     On or about November 3, 2016, and for a period of time prior thereto, plaintiff was employed by a home healthcare agency, which had assigned her to care for five infant children each weekday afternoon from 2:00 P.M. to 6:00 P.M.

23.     The location of plaintiff's work assignment was a residential dwelling located at 99-27 Francis Lewis Boulevard, Queens Village, County of Queens, City and State of New York (hereinafter "subject premises").

24.     At or about 4:00 P.M., on November 3, 2016, plaintiff was sitting on the porch of the subject premises, eating a papaya.

25.     The aforementioned five children were inside the subject premises, as were their father and a cousin of their mother.

26.     At the aforementioned time and place, the individual defendants hereto, upon information and belief under the command of defendants WOODS and WALTER, without warning, ran onto the porch where plaintiff was sitting and into the subject premises.

27.     Upon information and belief, the individual defendants were assigned to the Queens Tactical Narcotics Team of the Police Department of defendant CITY OF NEW YORK.

28.     Thoroughly frightened by the individual defendants' behavior, plaintiff immediately put her hands up and, upon their being demanded by one of the defendants, verbally provided her name, her address and the name of the agency that employed her.

29.     Nevertheless, one of the individual defendants, identified as a male, pulled plaintiff up from where she was sitting and threw her down the five porch steps to the ground.

30.     Plaintiff landed, hard, on the front of her body.

31.     Three of the individual defendants, one of whom was a male and two of whom are identified as defendants P.O. "JANE DOES" 1-2, rear-handcuffed plaintiff while she lay on the ground.

32.     One of the male defendants now ordered plaintiff to get up on her knees.

33.     Plaintiff was, of course, rear-handcuffed.  Moreover, years before, plaintiff had had a right-side radical mastectomy.  Consequently, plaintiff was unable to obey the order to get up on her own.

34.     Moreover, the aforementioned defendants so frightened plaintiff that she lost control of her bladder and urinated in her clothing.

35.     One of the aforementioned defendants pulled plaintiff up off the ground.

36.     The male defendant who had participated in rear-handcuffing plaintiff went onto the aforementioned porch and, with plaintiff's consent, searched inside her pocketbook.

37.     No contraband or illegal substance of any kind was found in plaintiff's pocketbook.

38.     Plaintiff was held, rear-handcuffed, for approximately forty-five minutes.

39.     After being held for approximately forty-five minutes as aforementioned, the handcuffs were taken off plaintiff and she was given permission to leave the premises.

40.     Plaintiff proceeded immediately to a hospital for treatment of the injuries that the aforementioned individual defendants had inflicted upon her by battering her in the manner described hereinabove.

41.     The individual defendants violated plaintiff's rights, guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, to be

free from the use of excessive force, to be arrested only with probable cause, and to due process of law, in that, acting under color of state law, they, without any cause or provocation whatsoever, brutally and severely manhandled her, threw her down a flight of steps to the ground, publicly humiliated her and kept her handcuffed and unable to leave the place where she was being held for forty-five minutes.

42.     Because of the aforementioned acts and violations of her rights perpetrated by the individual defendants hereto as described hereinabove, plaintiff suffered a deprivation of rights guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered severe physical injury, requiring surgery; was, and remains, unable to go to her employment and to earn her living; suffered severe emotional injury, requiring treatment; and incurred medical expenses.

43.     By reason of the aforementioned unconstitutional and illegal actions taken against her by the individual defendants hereto, as described hereinabove, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS WOODS, WALTERS,
P.O. "JANE DOES" 1-2,
ONE OF THE P.O. "JOHN DOE" DEFENDANTS,
<u>AND THE CITY OF NEW YORK</u>
(Battery)**

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" hereinabove as if more fully set forth at length herein.

45.     On or about November 3, 2016, at approximately 4:00 P.M., at the premises located at 99-27 Francis Lewis Boulevard, County of Queens, City and State of New York, several of the individual defendants hereto, acting, upon information and belief, under the direction of defendants WOODS and WALTER, without any probable cause whatsoever, offensively touched plaintiff by intentionally pulling her up from where she was sitting, throwing her down a flight of porch steps onto the ground, thereby causing injury to much of her body, and by handcuffing her.

46.     The aforementioned force used by the aforementioned individual defendants was not reasonable under the circumstances.

47.     At the aforementioned time and place, the aforementioned individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

48.     By reason of the aforementioned battery committed against her by the aforementioned individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered severe physical injury, requiring surgery; was, and remains, unable to go to her employment and to earn her living; suffered severe emotional injury, requiring treatment; and incurred medical expenses.

49.     As a result of the battery committed upon her by the aforementioned individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate her for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants WOODS, WALTER, P.O. "JANE DOES" 1-2 and one of the P.O. "JOHN DOE" defendants.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANTS WOODS, WALTER,
P.O. "JANE DOES" 1-2,
ONE OF THE P.O. "JOHN DOE" DEFENDANTS,
AND THE CITY OF NEW YORK**
**(False Arrest)**

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" hereinabove as if more fully set forth at length herein.

51.     On or about November 3, 2016, at approximately 4:00 P.M., at the premises located at 99-27 Francis Lewis Boulevard, County of Queens, City and State of New York, three of the individual defendants hereto, namely P.O. "JANE DOES" 1-2 and one of the P.O. "JOHN DOE" defendants, acting, upon information and belief, under the direction of defendants WOODS and WALTER, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff, and, against plaintiff's own free will, held her for forty-five minutes, rear-handcuffed, and physically injured, and after she had wet her clothing as a result of her fright stemming from the way that the aforementioned defendants were treating her.

52.     Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept handcuffed and confined to the front yard and porch of the subject premises for forty-five minutes.

53.     At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants WOODS, WALTER, P.O. "JANE DOES" 1-2, and one of the P.O. "JOHN DOE" defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

54.     By reason of the false arrest and false imprisonment committed against her by defendants WOODS, WALTER, P.O. "JANE DOES" 1-2, and one of the P.O. "JOHN DOE" defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered severe physical injury, requiring surgery; was, and remains, unable to go to her employment and to earn her living; suffered severe emotional injury, requiring treatment; and incurred medical expenses.

55.     As a result of the false arrest and false imprisonment committed against her by defendants P.O. "JANE DOES" 1-2 and one of the P.O. "JOHN DOE" defendants, while they were acting, upon information and belief, at the direction of defendants WOODS and WALTER and within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants WOODS, WALTER, P.O. "JANE DOES" 1-2 and one of the P.O. "JOHN DOE" defendants.

WHEREFORE, plaintiff, MERLE KIRLEW, demands judgment against defendants, DETECTIVE JAMES WOODS, Tax Registration No. 947618, UNDERCOVER P.O. No. 10121, UNDERCOVER P.O. No. 10270, DETECTIVE WALTER, , P.O. "JOHN DOES" 1-8, P.O. "JANE DOES" 1-2 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:     An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION:   An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against

defendants WOODS, WALTER, P.O. "JANE DOES" 1-2 and one of the P.O. "JOHN DOE" defendants; and

THIRD CAUSE OF ACTION:    An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants WOODS, WALTERS, P.O. "JANE DOES" 1-2 and one of the P.O. "JOHN DOE" defendants.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.


Dated:  Kew Gardens, New York
         January 19, 2018

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2394